IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER ROBINSON | : | |
| 628 Copley Road | : | |
| Upper Darby, PA 19082 | : | |
|                Plaintiff, | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA; | : | Civil Action No. 06- |
| POLICE OFFICER JAMES MULHOLLAND, | : | JURY TRIAL DEMANDED |
| BADGE NUMBER 1948, | : | |
| Individually and as a police officer | : | |
| for the City of Philadelphia; | : | |
| and POLICE OFFICER CHARLES MELLON | : | |
| BADGE NUMBER 5910 | : | |
| Individually and as a police officer | : | |
| for the City of Philadelphia; | : | |
| and POLICE OFFICERS JOHN DOES | : | |
| Individually and as police officers | : | |
| for the City of Philadelphia; | : | |
| and POLICE OFFICERS JANE DOES | : | |
| Individually and as police officers | : | |
| for the City of Philadelphia; | : | |
| c/o Law Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102     Defendants. | : | |

COMPLAINT

Jurisdiction

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

Parties

2. Plaintiff Christopher Robinson is an adult individual who resides at 628 Copley Road, Upper Darby, Pennsylvania, 19082.

3. Defendant City of Philadelphia is a municipality of the Commonwealth of

Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendants Mulholland, Mellon, John Does and Jane Does.

4. Defendant James Mulholland (hereinafter "Defendant Mulholland") is and was at all relevant times a police officer for the Philadelphia Police Department acting under color of state law. He is being sued in his individual capacities.

5. Defendant Charles Mellon (hereinafter "Defendant Mellon") is and was at all relevant times a police officer for the Philadelphia Police Department acting under color of state law. He is being sued in his individual capacities.

6. Defendants John Does (hereinafter "Defendant John Does") are and were at all relevant times police officers for the Philadelphia Police Department acting under color of state law. They are being sued in their individual capacities.

7. Defendants Jane Does (hereinafter "Defendant Jane Does") are and were at all relevant times police officers for the Philadelphia Police Department acting under color of state law. They are being sued in their individual capacities.

8. At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Christopher Robinson of his constitutional and statutory rights.

## Factual Allegations

9. On November 8, 2004, at approximately 11:00 p.m., Plaintiff Robinson was home alone watching television at his residence located at 4450 North Franklin Street, Philadelphia, Pennsylvania.

10. At that time, Plaintiff Robinson heard the sounds of cars outside his residence. Immediately after the sound of cars, Plaintiff Robinson heard several male voices making threats of physical violence. At the same time, Plaintiff heard loud banging on his front door while continuing to hear the threats of physical violence.

11. Plaintiff Robinson began running up his stairs, at which time the front door of his residence was broken open.

12. At no time prior to the door being broken open did anyone identify

themselves as police officers.

13. The Defendants, all of them, did not give Plaintiff Robinson the opportunity to let the police officers into his residence without the resort to the use of force. The Defendants, all of them, caused property damage in the course of the entry and search.

14. Approximately ten police officers entered Plaintiff Robinson's residence, and one police officer ran up the stairs after Plaintiff Robinson. During this time, Plaintiff Robinson continued hearing threats of physical violence directed towards him.

15. The Defendants, all of them, entered Plaintiff Robinson's residence without cause or justification, nor did they have probable cause or lawful basis to enter the residence.

16. During the course of the incident, several Defendant police officers pointed their firearms at Plaintiff Robinson.

17. Plaintiff continued to run into the front bedroom of his residence and attempted to open a window in an effort to call for help.

18. At this time, a police officer in uniform (believed to be either Defendant Mulholland or Mellon) grabbed Plaintiff Robinson as he was halfway out of the window. Outside the window is the roof of the front porch.

19. As a result of this contact with the police officer, Plaintiff Robinson was caused to fall off the porch roof outside the second floor front bedroom window of his residence.

20. Plaintiff Robinson landed on the concrete area below the window and rolled several feet.

21. Plaintiff Robinson was handcuffed by several male police officers. While he was handcuffed, a police officer's foot was placed on Plaintiff Robinson's neck as he laid on the ground.

22. At this time, Plaintiff Robinson heard a police officer say "The dumb ass broke his ankle."

23. At this time, several police officers started kicking Plaintiff Robinson while he laid on the ground.

24. A police officer ordered Plaintiff Robinson to get up and walk. At that time Plaintiff Robinson responded that he was incapable of walking due to his injuries.

25. Several police officers began to drag Plaintiff Robinson to the police car, while he was handcuffed.

26. Plaintiff Robinson was asked for identification, and he advised the police officers that it was in his back pocket. The police officers retrieved his identification out of his back pocket.

27. Plaintiff heard a police officer state that there were no warrants and heard another police officer say, after coming out of Plaintiff Robinson's residence, that "There aren't any weapons in there." At this time, Plaintiff Robinson was unhandcuffed and several of the police officers started to leave the area.

28. Plaintiff Robinson was forced to crawl back to the steps of his residence from the police car. At this point, an African American male police officer stayed behind; this is the same police officer that caused Plaintiff Robinson to fall from the upstairs window. This police officer instructed Plaintiff to call an ambulance for himself. After this remark, the police officer left the scene, and there were no police officers remaining.

29. Plaintiff Robinson was unable to walk due to the injuries he sustained from the fall from the window and the subsequent kicking by the police officers.

30. Several neighbors came and gave assistance to Plaintiff Robinson. One neighbor was identified as Troy Coates, and another as Cornelia Kissey. A third neighbor, Henry Young (4448 N. Franklin Street, Philadelphia, Pennsylvania), transported Plaintiff Robinson to Temple University Hospital Emergency Room.

31. As a result of Defendants' actions, all of them, Plaintiff Robinson sustained a left calcaneus fracture. He was admitted to the hospital on November 11, 2004, and his injuries required surgical repair. The surgery included open reduction with internal fixation, via a plate and 14 bone screws. Plaintiff Robinson was discharged from Temple University Hospital on November 12, 2004.

32. On November 10, 2005, Plaintiff Robinson underwent a second surgery to remove the internal hardware.

33. Plaintiff Robinson did not commit any offenses against the laws of the

Commonwealth of Pennsylvania, United States or City of Philadelphia, or engage in any conduct which justified the actions of the Defendants. Plaintiff Robinson was never charged with any crime.

34. The unlawful detention, arrest, search and use of unreasonable force in this case was a direct result of Defendants' pattern, practice and custom of subjecting citizens such as Plaintiff Robinson to unreasonable force and duress, in the absence of probable cause.

35. The Defendants acted willfully, deliberately, maliciously or with reckless disregard of Plaintiff Robinson's constitutional and statutory rights.

36. As a direct and proximate result of the actions of all Defendants, Plaintiff Robinson suffered physical injuries (as described above) and psychological injuries, and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent, as well as financial losses.

37. Defendants, all of them, engaged in the aforesaid conduct for the purpose of violating Plaintiff Robinson's constitutional rights by subjecting him to unreasonable force, unlawful detention, unlawful arrest, and unlawful search and seizure.

## First Cause of Action
### Federal Civil Rights Violations

38. Plaintiff Robinson incorporates by reference paragraphs 1 through 37 of the instant Complaint.

39. As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff Robinson was deprived of his right to be free from unreasonable and excessive force, unlawful search and seizure, unlawful detention and arrest, to be secure in his person and property and due process of law. As a result, Plaintiff Robinson suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States and, in particular, the Fourth and Fourteenth Amendments thereof and 42 U.S.C. §1983.

40. As a direct and proximate result of the acts of all Defendants, Plaintiff Robinson sustained physical injuries, property damage, emotional harm, loss of liberty

and financial losses, all to his detriment and harm.

41. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and the need for more or different training, supervision, investigation or discipline in the areas of:

    a) the use of reasonable force, excessive force, and unlawful detention and arrest by police officers;

    b) the proper exercise of police powers, including but not limited to, the unreasonable use of force, the excessive use of force and unlawful detention and arrest;

    c) the monitoring of police officers whom it knew or should have known were suffering from emotional and/or psychological problems and impaired their ability to function as police officers;

    d) the failure to identify and take remedial or disciplinary actions against police officers who were the subject of prior civilian or internal complaints of misconduct;

    e) police officers' use of their status as police officers to employ the use of excessive force and unlawful arrest or to achieve ends not reasonably related to police officers' duties;

    f) the failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented herein;

    g) the failure of police officers to report the misconduct and unlawful behavior of other police officers, a practice and custom known as the Code of Silence; and,

    h) the failure to provide an effective means by which to monitor the performance of police officers, to investigate allegations of police misconduct, and to impose discipline and other remedial measures where officers are found to have engaged in misconduct or to have violated established procedures and practices.

42. The City of Philadelphia failed to properly sanction or discipline police officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia police officers, thereby causing and encouraging Philadelphia police officers, including the Defendant police officers in

this case, to violate the rights of citizens, such as Plaintiff Robinson.

43. Defendants have by the above-described actions deprived Plaintiff Robinson of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

### Second Cause of Action
### Supplemental State Claims

44. Plaintiff Robinson incorporates by reference paragraphs 1 through 43 of the instant Complaint.

45. The acts and conduct of the individual Defendants in this cause of action constitute assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, trespass, interference with State Constitutional Rights, negligence, gross negligence and negligent hiring, training, retention and supervision, under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

### Third Cause of Action
### Punitive Damages

Christopher Robinson v. James Mulholland, individually,
Charles Mellon, individually,
John Does, individually and Jane Does, individually

46. Plaintiff Robinson incorporates by reference paragraphs 1 through 45 of the instant Complaint.

47. At all times relevant hereto, Defendants Mulholland, Mellon, John Does and Jane Does, acting individually, acted in a reckless, careless, outrageous and willful manner without regard for the safety of the Plaintiff and other like citizens of the City of Philadelphia.

48. At all times relevant hereto, Defendants, each of them individually, acted with and in spite of knowledge that their actions were illegal and in violation of

the United States Constitution, Pennsylvania Constitution, Pennsylvania Statutes and Pennsylvania Rules of Procedure, resulting in serious injuries, more fully outlined above.

49. Defendants, each of them individually, acted with deliberate indifference to Plaintiff Robinson's constitutional rights under the Fourth and Fourteenth Amendments when they aimed a gun at Plaintiff Robinson and without cause or justification, caused him to fall off the second floor roof of his residence.

50. The conduct of the Defendants, each of them individually, justifies the imposition of punitive damages.

### Jury Demand

51. Plaintiff Robinson demands a jury trial as to each Defendant and as to each count.

WHEREFORE, Plaintiff Robinson requests the following relief:

a) a compensatory damage award;
b) reasonable attorney's fees and costs;
c) reasonable past and future medical expenses;
d) past and future lost wages;
e) damages for past and future pain and suffering;
f) such other and further relief as appears reasonable and just; and,
g) punitive damages.

Respectfully requested,                              Respectfully requested,

LAW OFFICES JAMES D. FAMIGLIO, P.C.    KREITHEN, BARON & CARPEY, P.C.


By: _____        By: _____
    James D. Famiglio, Esquire              Stuart A. Carpey, Esquire
    600 Williamsburg Drive                  100 W. Elm Street, Suite 310
    Broomall, PA 19008                      Conshohocken, PA 19428
    610-359-9220                            215-563-8286
    Attorney I.D. No. 51101                 Attorney I.D. No. 49490
    Co-Counsel for Plaintiff                Co-Counsel for Plaintiff